# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    **v.**                                    **Case No. 06-CR-303**

**DUJUAN WILLIAMS**
        **Defendant.**

---

## DECISION AND ORDER

Defendant DuJuan Williams pleaded guilty to possession with intent to distribute 50 grams or more of crack cocaine, contrary to 21 U.S.C. §§ 841(a)(1) & (b)(1)(A), and on April 20, 2007, I sentenced him to 120 months imprisonment, the mandatory minimum required by statute, but slightly below his advisory guideline range of 121-151 months. Defendant directed his lawyer to file a notice of appeal, but the Seventh Circuit granted counsel's motion to withdraw and dismissed the appeal as frivolous. United States v. Williams, 263 Fed. Appx. 478 (7th Cir. 2008).

Defendant now moves for a sentence reduction under 18 U.S.C. § 3582(c)(2), which provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

As defendant indicates in his motion, effective November 1, 2007, the Sentencing Commission reduced offense levels in crack cocaine cases by 2, and made the change retroactive effective March 3, 2008, thus permitting crack defendants to seek sentence

reductions under § 3582(c)(2). <u>See</u> U.S.C. § 1B1.10(c) (Amendment 706). Under the revised guidelines, defendant's offense level drops from 31 to 29 and his range from 121-151 to 97-121 months.

However, defendant cannot avail himself of the revised guidelines because his sentence was based on a statutory mandatory minimum. <u>See, e.g.</u>, <u>United States v. Ganun</u>, No. 08-1416, 2008 WL 4823091, at *1 (1st Cir. Nov. 7, 2008) ("Section 3582(c)(2) 'confers no power on the district court to reduce a minimum sentence mandated by statute.'") (quoting <u>United States v. Dimeo</u>, 28 F.3d 240, 241 (1st Cir. 1994)); <u>United States v. Black</u>, 523 F.3d 892, 892-93 (8th Cir. 2008) (holding that district courts lack authority to modify a sentence below the mandatory minimum under § 3582(c)(2) and Amendment 706); <u>see also</u> <u>United States v. Simpson</u>, 337 F.3d 905, 909 (7th Cir. 2003) ("The only provisions allowing for departure from a statutory minimum are 18 U.S.C. §§ 3553(e) and (f)."). Nor can he avail himself of the Supreme Court's decisions in <u>Kimbrough v. United States</u>, 128 S. Ct. 558 (2007) and <u>Gall v. United States</u>, 128 S. Ct. 586 (2007). Even if those cases applied in § 3582(c)(2) proceedings, neither authorizes the district court to sentence below a statutory mandatory minimum. <u>See, e.g.</u>, <u>United States v. Trapps</u>, No. 08-1940, 2008 WL 3890166 (7th Cir. Aug. 22, 2008); <u>United States v. Branch</u>, 537 F.3d 582, 593-94 (6th Cir. 2008).

**THEREFORE, IT IS ORDERED** that defendant's motion is **DENIED**.

Dated at Milwaukee, Wisconsin, this 20th day of November, 2008.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge